(41 Misc. Rep. 66.)

## In re PATTERSON et al.

### (Surrogate's Court, Kings County. June, 1903.)

1. EXECUTOR—REMOVAL—MISCONDUCT.

Where the evidence showed that an executor presented to his co-executor a voucher purporting to be from an attorney for legal services rendered the decedent, but for which such attorney had never made any claim, and procured from such co-executor a check for the face of the voucher; that the executor thereafter obtained the check from his co-executor by a pretense, after payment to such attorney, and that after he had obtained possession of it never returned it to his co-executor or accounted for its disappearance—justifies his removal.

Application of William O. Patterson and others for the removal of Stephen G. Patterson, executor and trustee under the will of Mary A. Patterson, deceased. Application granted.

Decker, Allen & Chatfield, for petitioners.
T. C. Campbell, for Stephen G. Patterson.

CHURCH, S. A motion is made to remove an executor herein on the ground of his misconduct in connection with the payment of a certain pretended claim against the estate of the deceased. It appears that one Tuttle, an attorney, rendered certain services for the deceased in her lifetime, but that upon her death he had made no attempt to present any claim against her estate, nor had he in any manner, way, or shape made any request of the executors to pay him any money for services rendered to the deceased. It appears that the executor whom it is sought to remove, Stephen G. Patterson, presented to his co-executor what purported to be a voucher on behalf of said Tuttle for his services, and that he thereupon procured from his co-executor a check in payment of such services. It also appears that shortly after the check had, through the course of the mails, come back to the co-executor; that the executor who is sought to be removed, in company with his attorney, obtained from his co-executor, Harkness, the various checks for the purpose of using them as vouchers, and that these checks he subsequently returned to the executor Harkness, except that specific check which was drawn to the order of Tuttle. These facts of themselves are very suspicious. That an executor should have been willing to present to a co-executor a claim against the decedent's estate, which had never been made, and get a check to pay the same, is not conduct which an executor endeavoring in good faith to administer the affairs of the estate should adopt. When we have, out of all the checks which were presented, this particular check missing, it certainly tends to increase the suspicion. But the answer which this executor makes is even less satisfactory. He states that the voucher which he presented to his co-executor was drawn at the suggestion of a man named Kerr, who was associated with the office of his present counsel. Why Kerr should suggest, or why he should acquiesce in, the drawing of a voucher by a person who had no claim against the estate, is not

explained. He then states that in company with Kerr he procured a check from his co-executor, and that Mr. Kerr attended to the payment of the same, and that he knows no more about it. It is shown conclusively that Kerr had left the state some period of time previous to this transaction, and therefore could not have made these suggestions to him, or obtain this check from the co-executor, Harkness. We are therefore justified in assuming that this entire explanation of the transaction is untrue, and, if untrue, it was not an error of memory, such as a person might commit, but was evidently done for some specific purpose. Furthermore, the attorney, Ironsides, who Mr. Harkness testifies was with the executor Patterson when the request was made for these checks which had come back from the bank, is not called either to corroborate the executor Patterson or to contradict the executor Harkness. It seems to me that under these peculiar ·circumstances this executor Patterson is not fitted to continue in his administration of his office, and I shall therefore remove him.

Application granted.